983 F.2d 1086
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Henry B. CASON, Claimant-Appellant,
v.
Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs,
Respondent-Appellee.
 No. 92-7076.
 United States Court of Appeals, Federal Circuit.
 Oct. 30, 1992.
 
 Before ARCHER, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 The Acting Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(d) and to dismiss Henry B. Cason's appeal for lack of jurisdiction. Cason opposes the motion to dismiss.
 
 
 2
 In 1988, the Board of Veterans Appeals denied Cason benefits for an injury to the nerve behind his right ear which he claimed resulted from surgery performed at a Veterans Administration facility in 1983. Cason later sought to reopen his claim by submitting additional evidence. On March 26, 1991, the Board declined to reopen the case. Cason appealed to the Court of Veterans Appeals. The Secretary moved for remand because the Court of Veterans Appeals, in another case, invalidated the regulation that the Board relied upon in its decision. On May 7, 1992, the Court of Veterans Appeals granted the Secretary's motion to remand the case and vacated the Board's March 26, 1991 decision. Cason appealed that order to this court.
 
 
 3
 It is well established that courts entertain cases from decisions or orders that end the litigation on the merits and leave nothing for the trial court to do but execute the judgment. Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 373 (1981). The remand order here does not fall within that category. The purpose of the remand is to have Cason's case readjudicated on the merits. Thus, there has been no end to the litigation on the merits and Cason's appeal is not within the jurisdiction of this court. Cason is not precluded, however, from appealing the Board's decision to the Court of Veterans Appeals following remand, if appropriate.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(d) is granted.
 
 
 6
 (2) The Secretary's motion to dismiss is granted.